UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:17-cr-103-T-27AAS

HECTOR LUIS VAZQUEZ ALVALLE,

_____/

### ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion for Leave to Supplement 28 U.S.C. § 2255 Motion (Dkt. 163). The motion is construed to seek relief under the First Step Act of 2018.[1] Upon consideration, the motion is **DENIED**. The order appointing the Federal Defender is **VACATED** (Dkt. 164).

Section 402 of the First Step Act expanded eligibility for safety valve under 18 U.S.C. § 3553(f).[2] Defendant acknowledges, however, that Section 402 is not retroactive. His contention that his case was still "open" when the First Step Act was enacted is without merit. His criminal case was closed, and the pendency of his § 2255 motion did not make him eligible for relief, as nothing in the First Step Act indicates an intent to apply Section 402 retroactively to cases on collateral review.

**DONE AND ORDERED** this 26th day of August, 2019.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[1] Defendant's § 2255 motion to vacate was denied on April 18, 2019, after this motion was filed. See Case No. 8:18-cv-2246-T-27AAS (Dkt. 16). However, this motion was docketed in his criminal case.

[2] Section 402 of the First Step Act, which broadened the existing safety valve, is not, by its express terms, retroactive: "Section 402(b) APPLICABILITY.—The amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Since Defendant was sentenced on November 13, 2018, prior to enactment of the First Step Act of 2018 on December 21, 2018, he is not entitled to relief.

1